UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FORZA 4809 N PALAFOX ST LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AXIS SURPLUS INSURANCE COMPANY <br><br> Defendant. | Case No. _____ <br><br> NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 <br> (Diversity Jurisdiction) <br><br> Shelby County, Indiana Circuit Court <br> Cause No. 73C01-2409-PL-000028 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, AXIS SURPLUS INSURANCE COMPANY ("AXIS"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a), hereby removes to this Court the state court action described below:

1. On or about September 11, 2024, Plaintiff, FORZA 4809 N PALAFOX ST LLC ("Forza"), filed a petition against AXIS in the Shelby Circuit Court, Shelby County, Indiana, Case No. 73C01-2409-PL-000028, captioned *Forza 4809 N Palafox St LLC v. Axis Surplus Ins. Co.* (the "State Court Action") titled "Plaintiff's Petition for Appointment of Umpire" (the "Petition"). A current docket sheet is attached hereto as **Exhibit A.**

2. Axis was served with the Petition on September 17, 2024. Forza's Petition and its exhibits, together with all other documents filed in the State Court Action are attached hereto as **Exhibit B** and incorporated herein by reference.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after AXIS' receipt of Forza's Petition on September 17, 2024.

## BASIS FOR FEDERAL JURISDICTION

4. For purposes of diversity of citizenship requirements, "a corporation shall be deemed to be a citizen of every State and foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

5. For purposes of diversity of citizenship requirements, the citizenship of a limited liability company is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Axis pursuant to the provisions of 28 U.S.C. § 1441 in that it is, upon information and belief, a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Removal to the United States District Court for the Southern District of Indiana, Indianapolis Division is proper because it is the district and division embracing the place where such action is pending, in accordance with 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

8. At the time the Petition was filed, and at all times subsequent thereto, Plaintiff Forza was a limited liability company.

9. Upon information and belief, Plaintiff Forza's members, including Patrick McGinley, are citizens of Indiana. *See also*, Petition, ¶9 ("Forza is domiciled in [Indiana]").

10. At the time the Petition was filed, and at all times subsequent thereto, Defendant AXIS was and is incorporated in Illinois with its principal place of business in Georgia.

11. As Plaintiff is a citizen of Indiana, and Defendant is a citizen of Illinois and Georgia, there is complete diversity of citizenship for purposes of removal. 28 U.S.C. § 1441(b).

**AMOUNT IN CONTROVERSY**

12. In its Petition, Forza requests the appointment of an appraisal umpire.

13. Although the Petition is requesting non-monetary relief, Forza contends that alleged wind damage to its roof: (1) required Forza to replace its entire roof (Ex. 7 to Petition), and (2) the wind damage to the roof allowed water to leak into its building, which requires future work to replace "any insulation or interior finishes that were affected by moisture" along with "any associated repairs" (Report of Prescott Engineeering LLC, Ex. 6 to Petition, pg. 7).

14. AXIS denies that Forza's roof was damaged by wind during the policy period and, relatedly, denies that any water infiltration into Forza's building was the result of any wind damage to the roof occurring during the policy period.

15. Forza has not presented AXIS with receipts or estimates of the costs associated with the claimed scope of physical damage. Nevertheless, upon information and belief, Forza seeks policy benefits from AXIS in excess of $75,000, exclusive of interests and costs, to replace its entire roof, replace all insulation and interior finishes of its building with any signs of moisture damage, and replace all other insulation and interior finishes that it alleges to be "related repairs".

16. For example, upon information and belief, the building is one story that covers approximately 7,800 square feet. A building valuation report that AXIS obtained in connection with its investigation (which is not directly or indirectly based on or related to any wind, water, or any other physical damage) estimated that the replacement cost value of the building's roofing was $90,783.62. A copy of the valuation report is attached as **Exhibit C.**

17. In sum, the scope of the alleged physical damage alleged in the Petition indicates that the total dollar value in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

## REMOVAL PROCEDURE

18. This notice of removal is timely because it was filed within 30 days of service.

19. No previous application has been made for the relief requested herein.

20. AXIS has complied with all statutes, orders, and provisions governing the removal of this action.

21. AXIS does not waive any legal defenses that they may have to defend against the allegations made by Forza in the Petition.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Forza, and a copy is also being filed with the Clerk of the Shelby Circuit Court of Shelby County, Indiana.

WHEREFORE, Respondent, AXIS SURPLUS INSURANCE COMPANY, respectfully requests that the above-entitled state court action, currently pending in the Shelby Circuit Court, Shelby County, Indiana, under Case No. 73C01-2409-PL-000028, be removed therefrom to the United States District Court for the Southern District of Indiana, Indianapolis Division and that this Court assume jurisdiction of this action and make such further, other, or different orders as may be required to properly determine this controversy.

Dated: October 10, 2024  Respectfully submitted,

/s:/ *Matthew S. Ponzi*
Matthew S. Ponzi (mponzi@fgppr.com)
Howard J. Pikel (hpikel@fgppr.com)
Foran Glennon Palandech Ponzi & Rudloff, P.C.
222 North LaSalle Street, Suite 1400
Chicago, Illinois 60601
Tel: (312) 863-5000
Fax: (312) 863-5099

*Attorneys for AXIS Surplus Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024 a copy of the above document was filed electronically with the above captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk).

**Attorney for Plaintiff**

William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana 46077
Telephone: (317) 873-8396
Facsimile: (317) 873-2276
bbeyers@bbinlaw.com

/s:/ *Matthew S. Ponzi*
Matthew S. Ponzi